Brian D. Chase, Esq. (SBN 164109)
*bchase@bisnarchase.com*
Jerusalem F. Beligan, Esq. (SBN 211258)
*jbeligan@bisnarchase.com*
**BISNAR|CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: 949/752-2999
Facsimile: 949/752-2777

Attorneys for Plaintiffs and Putative Classes

*[Additional Counsel Listed on Following Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>1. **Failure to Provide Accurate Wage Statements in Violation of California law (Cal. Lab. Code §§ 226, 1174);**<br>2. **Illegal Wage Deductions in Violation of the FLSA (29 U.S.C. § 206; 29, C.F.R. § 531.35);**<br>3. **Illegal Wage Deductions in Violation of California law (Cal. Lab. Codes §§ 221, 224);**<br>4. **Violation of the Federal Minimum Wage (FLSA, 29 U.S.C. § 206);**<br>5. **Violation of the California Minimum Wage (Cal. Lab. Code § 1194);**<br>6. **Violation of the Federal Overtime Requirements (FLSA, 29 U.S.C. §§ 201-219);**<br>7. **Violation of California's Overtime Requirements (Cal. Lab. Code §§ 510, 1194);**<br>8. **Violation of California's Meal and Rest Break Requirements (Cal. Lab. Code §§ 226.7, 512);**<br>9. **Forfeiture of Vested Vacation Wages (Cal. Lab. Code § 227.3);**<br>10. **Failure to Timely pay Wages to Terminated Employees (Cal. Labor Code §§ 201-203); and**<br>11. **Violation of California's Unfair Competition Law (Cal. Business & Professions Code §§ 17200, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Branigan A. Robertson, Esq. (SBN 284528)
*branigan@brobertsonlaw.com*
**BRANIGAN ROBERTSON**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: 949/667-3025
Facsimile: 949/242-9853

Attorneys for Plaintiffs and Putative Classes

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.      Plaintiffs John Chrispens, Gregory Gentile and Mai Henry (collectively "Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

# I.

## INTRODUCTION

2.      Plaintiffs bring this case as a nationwide collective action under the Fair Labor Standards Act ("FLSA") and as a Rule 23 class action under the Federal Rules of Civil Procedure ("FRCP") against Life Time Fitness, Inc. and LTF Club Management Company, LLC ("Life Time Fitness"), and DOES 1 through 10 (collectively "Defendants") for, among other things: (a) unlawful deduction of wages; (b) nonpayment of minimum wages; (c) nonpayment of overtime wages; (d) nonprovision of meal and rest breaks; (d) forfeiture of vested vacation wages; and (e) penalties owed to thousands of Personal Trainers ("Trainers") employed by Defendants from the four years prior to the filing of this Complaint to the present (the "Statutory Period").

3.      Life Time Fitness touts itself to be "The Healthy Way of Life Company," dedicated to helping others achieve one's total health aspirations, athletic aspirations, and fitness goals. Life Time Fitness claims to offer world-class training in over 106 fitness centers throughout the United States.

4.      Lifetime Fitness employs Trainers in over 106 fitness centers throughout the United States. The primary duties of Trainers are to service clients, prospect clients by handing out towels, attend four to five hours of mandatory meetings a week, participate in "calling parties," give free demonstrations to clients, and clean designated sections of the training fitness center, and pick up trash inside and outside the fitness centers.

5.      For these services, and according to its Incentive Compensation Plan, Lifetime agrees to pay Trainers "1.5 times the applicable minimum wage for every

**COLLECTIVE AND CLASS ACTION COMPLAINT**

hour worked OR actual commissions earned, whichever is greater." Lifetime Fitness presumably makes this statement to make it appear Trainers are commissioned employees and therefore not entitled to overtime.

6. Lifetime Fitness, however, does not set forth the applicable hourly or overtime rates of pay for each hour worked in wage statements distributed to Trainers. Accordingly, Trainers are not informed of, among other things: (a) their hourly rate of pay; (b) whether they were paid 1.5 times the minimum wage; (c) and, if not, whether they were paid overtime at the correct rate of pay. In a nutshell, Trainers cannot determine whether they are being paid correctly and accurately by reviewing their wage statements.

7. Lifetime Fitness also employs an illegal policy and practice of automatically deducting minimum-wage draws and business losses or shortages due to client refunds or cancellations from Trainers' wages in order to "recoup" minimum-wage payments made in prior pay periods and to "recoup" business losses and shortages. By deducting and "recouping" minimum-wage draws and other business losses and shortages from the Trainers' wages, Lifetime Fitness diluted the Trainers' wages based on total hours worked and therefore did not pay Trainers the minimum wage for each and/or every hour worked, let alone 1.5 times the minimum wage, in violation of both the FLSA and California law.

8. In addition, Lifetime Fitness held the Trainers' department heads or coordinators "personally liable" if Trainers did not make sufficient commissions to meet the draw. Lifetime Fitness instructed its department heads or coordinators to have Trainers clocked in only when they were "servicing" clients or during "session" times. Thus, Trainers were not being compensated for all hours during which they were under the control of Lifetime Fitness or suffered or permitted to work. The deduction from wages for draws and business losses and the pressure placed on department heads and coordinators to avoid minimum-wage draws,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1  resulted in Trainers working "off the clock."

2       9.      Plaintiffs are informed and believe that security cameras in the fitness

3  centers will show and prove the "off the clock" work.  A simple cross-referencing of

4  videos and payroll records will prove Trainers worked "off the clock."  Another key

5  piece of evidence are emails sent or received by Trainers during the workday.

6  Plaintiffs therefore remind Defendants (including their directors, officers,

7  employees, or other agent of Defendants') of their obligations under the FRCP to

8  preserve—and not destroy or alter—any documents and other physical evidence

9  relating to this Complaint, including any relevant videos and emails during the

10  Statutory Period.  Defendants owe an uncompromising duty to preserve what they

11  know or reasonably should know will be relevant in the pending lawsuit, even

12  though no discovery request or order to preserve the evidence has yet been made.

13  See *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455

14  (C.D. Cal. 1984).  Violation of this duty is "spoliation."  See e.g. *In re Quintus*

15  *Corp.*, 353 B.R. 77, 84 (Bankr. D. Del. 2006), quoting *Silvestri v. Gen'l Motors*

16  *Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ["The duty to preserve material evidence

17  arises not only during litigation but also extends to that period before the litigation

18  when a party reasonably should know that the evidence may be relevant to the

19  anticipated litigation."].  The laws and rules prohibiting destruction of evidence

20  apply to electronically stored information in the same manner they apply to other

21  evidence.  Due to its format, electronic information is easily deleted, modified or

22  corrupted.  Accordingly, Defendants must take every reasonably step to preserve this

23  information until the final resolution of this litigation.

24       10.     By uniformly and consistently deducting minimum-wage draws and

25  business losses due to client refunds or cancellations from Trainers' wages, and

26  discouraging and dissuading Trainers from reporting all hours worked, Trainers

27  were not paid for overtime time hours worked at the correct rate of pay.  Trainers

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

were also required to complete a course called Lifetime University during which Trainers would complete tutorials, quizzes, videos and certifications "off the clock." Trainers are also required to participate in a two week training course "off the clock." These "off the clock" hours were not paid at the minimum wage, or if in excess of eight hours in a day or 40 hours in a week, at the overtime rate of pay.

11.     In addition to the above, Lifetime Fitness' uniform policy and practice relating to meal and rest breaks do not comport or give full effect to California's meal and rest break laws. As a result, Trainers in California were not provided off-duty, uninterrupted 30-minute meal breaks before the fifth and tenth hour of work. Trainers in California were also not provided off-duty, uninterrupted 10-minute rest breaks for every four hours worked or major fraction thereof. Trainers in California were not paid an additional hour of pay or premium wages for these meal and rest break violations.

12.     Lifetime Fitness' vacation or Paid Time Off ("PTO") policy violates California's prohibition against "use it or lose it" vacation policies. According to Lifetime Fitness' PTO policy, "[a]ccrued and unused PTO is *not* carried over from year to year, so Team Members should use all of their PTO prior to December 31. Accrued and unused PTO is *not* cashed out at time of separation or status change from full-time to part-time, unless specified by law" (emphasis added). Lifetime Fitness' policy directly violates California law and has resulted in Trainers losing vested PTO or vacation days.

## II.

## THE PARTIES

13.     Plaintiff Chrispens is a current resident of Monarch Beach, California. He will serve as an adequate, typical and active participant and class representative for a proposed FLSA Class and California Class and/or Subclasses under FRCP Rule 23. He has been employed by Life Time from April 2012 to present. He performed

**COLLECTIVE AND CLASS ACTION COMPLAINT**

work as a Trainer in Arizona and California during the Statutory Period, and had the primary duty of teaching strength and conditioning, Pilates, general fitness to clients of Life Time, and keeping the fitness centers clean.

14.   Plaintiff Gentile is a current resident of San Juan Capistrano, California.  He will serve as an adequate, typical and active participant and class representative for a proposed FLSA Class and California Class and/or Subclasses under FRCP Rule 23.  He was employed by Life Time from approximately April 2014 to June 2014.  He performed work as a Trainer in California during the Statutory Period, and had the primary duty of teaching strength and conditioning, Pilates, general fitness to clients of Life Time, and keeping the fitness centers clean.

15.   Plaintiff Henry is a current resident of Newport Beach, California.  She will serve as an adequate, typical and active participant and class representative for a proposed FLSA Class and California Class and/or Subclasses under FRCP Rule 23. She was employed by Life Time from approximately March 2013 to August 2014. She performed work as a Trainer in California during the Statutory Period, and had the primary duty of teaching strength and conditioning, Pilates, general fitness to clients of Life Time, and keeping the fitness centers clean

16.   Plaintiffs worked hours in excess of eight hours a day and 40 hours a week, without receiving the minimum wage for all hours worked and overtime compensation at the rate of one and one-half times his regular rate of pay as required by federal and state law, and at times worked in excess of 12 hours per day and seven consecutive days without receiving overtime compensation at the rate of double his regular rate of pay as required by California law during the Statutory Period.

17.   Due to the regular, uniform, and systematic unlawful deductions made from Plaintiffs' wages during the Statutory Period, Plaintiffs' hourly rate were so

**COLLECTIVE AND CLASS ACTION COMPLAINT**

diluted that they were paid less than the federal and state minimum wages in violation of the FLSA and California law.

18.     Plaintiffs consent to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256.   Consent to Join Forms for Plaintiffs are attached hereto as Exhibits, A, B and C.

19.     Defendant Life Time Fitness, Inc. is a Minnesota corporation providing fitness services throughout the United, with its corporate headquarters located in Chanhassen, Minnesota.   The practices described herein were performed in Defendants' facilities throughout the United States.

20.     Defendant LTF Club Management Company, LLC is a Delaware Limited Liability Company providing fitness services throughout the United States. The practices described herein were performed in Defendants' facilities throughout the United States.

21.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 are unknown to Plaintiffs, who therefore sue these defendants by fictitious names pursuant to California Code of Civil Procedure § 474.   Plaintiffs further allege that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth.   Plaintiffs will amend this Complaint to show these defendant's true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

## III.

## JURISDICTION AND VENUE

22.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 16(b) of the FLSA, 29 U.S.C. § 216(b).   This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members

COLLECTIVE AND CLASS ACTION COMPLAINT

in Plaintiff's proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.  In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' California wage and hour law claims, because those claims derive from a common nucleus of operative facts.

23.    Jurisdiction and venue as to Defendants are proper in this judicial district, County and/or Federal District Court, pursuant to 28 U.S.C. §§ 1331 and/or 1332 and 216(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiffs are informed and believe that Defendant Life Time Fitness, Inc. is a Minnesota corporation with its Principal Place of Business in the State of Minnesota, but is a company that transacts business in Orange County, California, and throughout the United States including, but not limited to, Alabama, Arizona, Colorado, Georgia, Florida, Iowa, Illinois, Indiana, Kansas, Maryland, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New Jersey, Nevada, New York, Ohio, Texas, Utah and Virginia.

24.    Defendants, including DOES 1-10, employ Trainers whose primary duties are to teach strength and conditioning, Pilates, general fitness to clients of Life Time, and to keep the fitness centers clean.

25.    Defendants also conduct similar business across the United States, and through their systematic policies and procedures fail to comply with the minimum wage and overtime pay provisions of the FLSA and California law.  As a result, jurisdiction and venue are appropriate either in the Superior Court of Orange County in the State of California, or alternatively, in the Federal District Court in the Central District of California pursuant to 28 U.S. C. § 1331.

26.    The Central District of California has personal jurisdiction over Defendants because: (1) they operate within this district; (2) are qualified with the California Secretary of State to do business and is doing business in California, and

COLLECTIVE AND CLASS ACTION COMPLAINT

in this district; and (3) because many of the acts complained of occurred in this State and this District and gave rise to the claims alleged.

27.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants operates within this district and a substantial part of events giving rise to this claim occurred therein.

28.   The unlawful acts alleged herein arise under the FLSA and the laws of the State of California have a direct effect on Plaintiffs and those similarly situated within the State of California and throughout the United States including, without limitation, Alabama, Arizona, Colorado, Georgia, Florida, Iowa, Illinois, Indiana, Kansas, Maryland, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New Jersey, Nevada, New York, Ohio, Texas, Utah and Virginia.

29.   California Business & Professions Code § 17204 provides that any person acting on his or her own behalf may bring an action in a court of competent jurisdiction.   Thus, either of the above-reference courts maintains appropriate jurisdiction to hear this matter.

## IV.

## SUMMARY OF CLAIMS

30.   Plaintiffs are or were Trainers of Lifetime Fitness whose primary duties were to teaching strength and conditioning, Pilates, general fitness to clients of Life Time, and keep the fitness centers clean (the "Class Position").

31.   The following paragraphs define the FLSA Class and the California Class.

32.   Plaintiffs bring this class action on behalf of themselves and all persons who were employed by Life Time throughout the United States in the Class Position and who were subject to Defendants' uniform and systematic policy and practice of illegally deducting minimum-wage draws and business losses due to client refunds or cancellations from Trainers' wages to "recoup" minimum-wage

COLLECTIVE AND CLASS ACTION COMPLAINT

payments made in prior pay periods and to "recoup" business losses (the "FLSA Class"). Plaintiffs seek to recover damages for the FLSA Class for the three years prior to the date of the filing of this Complaint (the "FLSA Class Period").

33.    Plaintiffs also bring this action on behalf of all persons who either were employed by Life Time in California and/or performed work in California in the Class Position (the "California Class") and who were subject to the same or similar illegal policies and practices during the four years prior to the date of the filing of this Complaint (the "California Class Period").

34.    Each of the following allegations pertains and applies to Plaintiffs, the FLSA Class and California Class equally throughout all or a substantial part of the proposed FLSA Class Period and California Class Period. For purposes of simplicity, collective reference to both the FLSA Class and the California Class are referred to as the proposed Plaintiff Classes and the proposed respective Class Periods are referred to as the Relevant Time Periods:

a)    The obligations and responsibilities of Defendants' "Trainer" positions are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, employee handbooks and manuals, and compensation plan were distributed to the Trainers. As such, the policies, practice and procedures are uniformly applied to the Trainers which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law, for Plaintiffs and each of the proposed members of the Plaintiff Classes during the Relevant Time Periods.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

b)      As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes were not provided true, accurate, and properly itemized pay statements or wage statements setting forth all hours actually caused or suffered to work and the corresponding correct amounts of pay at the requisite agreed and legal rate as required by California Labor Code §§ 226, *et seq.* Because Defendants did not set forth the hourly rates of pay of the Trainers or record or track all hours worked, Plaintiffs and members of the proposed Plaintiff Classes could not determine whether they were getting paid properly for all hours worked. Because Defendants failed to keep track of accurate hours worked, Plaintiffs and members of the proposed Plaintiff Classes are entitled to reasonably estimate the amount worked as admissible evidence at trial.  Also, since Defendants have no reasonable basis to believe that they were in compliance with any exemption to minimum wage or overtime, Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated federal and California labor standards. Plaintiffs and members of the Proposed Plaintiff Classes who were not provided accurate itemized wage statements in violation of California law are all part of the "California Wage Statement Subclass" as further alleged herein.

c)      As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the Proposed Plaintiff Classes, regularly, uniformly, and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

systematically had wages unlawfully deducted from their wages as forbidden by federal law and 29 C.F.R. § 531.35. When the commissions of Plaintiffs and each member of the proposed Plaintiff Classes were more than their draw, Defendants would automatically deduct those earnings from the Trainers' wages to "recoup" draws paid in prior pay periods; thus diluting the Trainers' hourly wages below the federal and California minimum wage.

d)  As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, regularly, uniformly, and systematically had wages unlawfully deducted from their wages as forbidden by California Labor Codes §§ 221-224. Plaintiffs and each member of the proposed Plaintiff Classes who had wages unlawfully deducted from their wages in violation of California law are all part of the "California Unlawful Deduction Subclass" as further alleged herein.

e)  As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were regularly, uniformly, and systematically paid less than the federal minimum wage in violation of the FLSA, 29 U.S.C. § 206.

f)  As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were regularly, uniformly, and systematically paid less than the California minimum wage in violation of California Labor Code § 1194. Plaintiffs and each

COLLECTIVE AND CLASS ACTION COMPLAINT

member of the proposed Plaintiff Classes who were not paid the California minimum wage rate for each and every hour worked are all part of the "California Minimum Wage Subclass" as further alleged herein.

g)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were regularly, uniformly, and systematically required by Defendants to work in excess of 40 hours per week during the proposed Relevant Time Periods without being paid the requisite overtime wage required by the FLSA.

h)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were regularly, uniformly, and systematically required by Defendants to work in excess of eight hours per day and/or required to work in excess of 40 hours per week during the proposed Relevant Time Periods without being paid the requisite overtime wage required by California Labor Code §§ 510, 1194 and applicable IWC Wage Order.  Plaintiffs and each member of the proposed Plaintiff Classes who were not paid overtime wages at the requisite rate for overtime hours worked in violation of California law are all part of the "California Overtime Subclass" as further alleged herein.

i)    As a matter of course during all or a substantial portion for each of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were

COLLECTIVE AND CLASS ACTION COMPLAINT

regularly, uniformly, and systematically prohibited by Defendants from taking timely, compliant, uninterrupted unpaid 30-minute meal periods for periods of approximately every five hours worked as required by California Labor Code §§ 226.7, 512 and applicable IWC Wage Order, nor were Plaintiffs or members of the proposed Plaintiff Classes paid a one-hour "premium wage" at their regular rate of hourly pay for each missed, short, late or interrupted meal period. Plaintiffs and each member of the proposed Plaintiff Classes who were not provided timely, uninterrupted and duty-free meal periods, nor paid a "premium wage" in lieu thereof, are all part of the "California Meal Period Subclass" as further alleged herein.

j)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes, were regularly, uniformly, and systematically prohibited by Defendants from taking timely, compliant, uninterrupted paid 10-minute rest periods for approximately every four hours worked as required by California Labor Code §§ 226.7, 512 and applicable IWC Wage Order, nor were Plaintiffs or members of the proposed Plaintiff Classes paid a one-hour "premium wage" at their regular rate of hourly pay for each missed, short, late or interrupted rest period. Plaintiffs and each member of the proposed Plaintiff Classes who were not provided timely, uninterrupted and duty-free rest periods, nor paid a "premium

**COLLECTIVE AND CLASS ACTION COMPLAINT**

wage" in lieu thereof, are all part of the "California Rest Period Subclass" as further alleged herein.

k) As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes have lost vested Paid Time Off or vacation days as a result of Defendants' regular, uniform, and systematic refusal to carry over accrued and unused Paid Time Off from year to year and to pay same upon separation of employment.  Plaintiffs and members of the proposed Plaintiff Classes who lost Paid Time Off or vacation days are all part of the "California Vacation Wage Subclass."

l) As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiffs and each member of the proposed Plaintiff Classes who were terminated or separated from their employment from Life Time were not timely paid all wages due as required by Labor Code § 203. Also, since Defendants had no reasonable basis to believe that they were in compliance with applicable law, Plaintiffs are informed and believe, and based thereon allege, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated federal and California labor standards.  Plaintiffs and members of the proposed Plaintiff Classes who separated from their employment from Defendant during the proposed Relevant Time Periods and who were not timely paid all wages due are all part of the "California Waiting Time Subclass."

COLLECTIVE AND CLASS ACTION COMPLAINT

35.     Life Time unlawfully and willfully engaged in employment practices which essentially resulted in "wage theft."

36.     Life Time has willfully refused to pay Plaintiffs and the members of the FLSA Class and each of the proposed California Subclasses the required minimum wage and overtime compensation for all hours worked, and has failed to keep time records as required by law.

37.     Defendants' practices violate the FLSA and state laws as pled herein. Plaintiffs seek declaratory relief, minimum wages, overtime compensation, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs bring the Second, Fourth, and Sixth Claims for Relief for violation of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all members of the FLSA Class.

39.     Plaintiffs and the members of the FLSA Class are similarly situated in that they had substantially similar job classifications, requirements and pay provisions, and were subject to Defendants' common practice, policy, or plan of willfully and unlawfully deducting and "recouping" minimum-wage draws, business losses and discouraging and dissuading Trainers from reporting all hours worked; thus resulting in Trainers getting paid less than the federal minimum wage and not being paid for overtime at the correct rate of pay.

40.     The Second, Fourth, and Sixth Claims for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the members of the FLSA Class. The FLSA Class is defined and comprises the following:

COLLECTIVE AND CLASS ACTION COMPLAINT

**FLSA CLASS:**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature performing substantially identical functions and/or duties, (hereinafter described collectively as "Trainers") currently or formerly employed by Defendants in the United States during the proposed FLSA Class Period whose wages were deducted and as a result were not paid the minimum wage or overtime at the correct rate of pay for all hours worked.

41. The names, addresses and telephone numbers of the members of the FLSA Class are available from Defendants, and notice should be provided to the members of the FLSA Class via first class mail to their last address known as soon as possible.

## VII.

## CALIFORNIA CLASS ACTION ALLEGATIONS

42. Plaintiffs bring the First, Third, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to FRCP Rule 23(a), (b)(2), and (b)(3), on behalf of all members of the California Class and is defined and composed as follows:

**CALIFORNIA CLASS:**

All California-based individuals in positions, job titles, job codes, job classifications, or job descriptions of Trainers and all other similar nomenclature performing substantially identical functions and/or duties currently or formerly employed by Defendants during the proposed California Class Period who were subject to Defendants' illegal policies and practices as alleged herein during the California Class Period.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

43.    In the alternative, and for the convenience of the Court and the parties, Plaintiffs may seek to certify the following California Subclasses at the time the motion for class certification is filed:

**CALIFORNIA WAGE STATEMENT SUBCLASS:**

All Members of the California Class whom Defendants did not provide accurate itemized wage statements showing all hours actually caused or suffered to work and the applicable rates of pay during the California Class Period.

**CALIFORNIA UNLAWFUL DEDUCTION SUBCLASS:**

All Members of the California Class who's wages were unlawfully deducted by Defendants during the California Class Period.

**CALIFORNIA MINIMUM WAGE SUBCLASS:**

All Members of the California Class who Defendants failed to pay the California minimum for each hour worked during the California Class Period.

**CALIFORNIA OVERTIME SUBCLASS:**

All Members of the California Class who (1) worked in excess of eight hours per day and/or 40 hours per week; and (2) who Defendants failed to pay wages at the requisite overtime rates of pay for hours overtime worked during the California Class Period.

**CALIFORNIA MEAL PERIOD SUBCLASS:**

All Members of the California Class whom Defendants did not provide 30-minute, uninterrupted and duty-free meal periods for approximately every five hours worked, and who were not paid an additional hour of pay in lieu thereof during the California Class Period.

**CALIFORNIA REST PERIOD SUBCLASS:**

COLLECTIVE AND CLASS ACTION COMPLAINT

All Members of the California Class whom Defendants did not authorize or permit uninterrupted and duty-free 10-minute paid rest periods for approximately every four hours worked and who were not paid an additional hour of pay in lieu thereof during the California Class Period.

**CALIFORNIA VACATION WAGES SUBCLASS:**

All Members of the California Class whom Defendants forfeited vested vacation wages and who were not paid vested, but unused vacation wages upon separation during the California Class Period.

**CALIFORNIA WAITING TIME SUBCLASS:**

All Members of the California Class who (1) from three-years prior to the filing of this Complaint separated from Defendants' employment, and (2) who Defendants knowingly and willfully failed to pay any and all wages due within 72 hours of the time of the employee voluntarily or involuntarily ended their employment with Defendants during the California Class Period.

**CALIFORNIA UCL SUBCLASS:**

All Members of the California Class who, from the period of four years prior to the commencement of this Complaint until the commencement of trial, and who are owed restitution of unpaid wages resulting from Defendants' systematic violations of the FLSA, California Labor Code and/or applicable sections of pertinent IWC Wage Orders.

44.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Plaintiff Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Plaintiff Classes alleged herein.

COLLECTIVE AND CLASS ACTION COMPLAINT

# VIII.

## COMMON CLASS ACTION ALLEGATIONS FOR PROPOSED RULE 23 CALIFORNIA CLASS

38.     Numerosity [F.R.C.P. 23 (a)]: The potential quantity of members of the proposed California Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical.   Plaintiffs are informed and believe that the total number of current and formerly employed members of the California Class exceeds 50.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

39.     Superiority [F.R.C.P. 23 (b)]: The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

   a)   The State of California, for  which there is named representatives, has a public policy which encourages the use of the class action device;

   b)   By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

   c)   This case involves large corporate Defendants and a large number of individual class members with many relatively small claims and common issues of law and fact;

   d)   If each individual member of the California Class was required to file an individual lawsuit, the large corporate Defendants

**COLLECTIVE AND CLASS ACTION COMPLAINT**

would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the California Class with Defendants' vastly superior financial and legal resources;

e)   Requiring each individual member of the California Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the California Class who would be disinclined to pursue action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f)   Proof of a common business practice or factual pattern, of which the members of the California Class experienced, is representative of the Plaintiff Class herein and will establish the right of each of the members of the Plaintiff Class to recover on the causes of action alleged herein;

g)   Absent class treatment, the prosecution of separate actions by the individual members of the California Class, even if possible, would likely create:

i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)   a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)   inconsistent or varying verdicts or adjudications with respect to the individual members of the Plaintiff Classes against Defendants; and

Page 22

**COLLECTIVE AND CLASS ACTION COMPLAINT**

iv)   potentially incompatible standards of conduct for Defendants;

v)   potentially incompatible legal determinations with respect to individual members of the Plaintiff Classes which would, as a practical matter, are dispositive of the interest of the other members of the Plaintiff Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Plaintiff Classes to protect their interests.

h)   The claims of the individual members of the California Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i)   Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j)   Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

40.   <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established standards for class certification as follows:

a)   <u>Typicality</u>: The claims of Plaintiffs are typical of the claims of all members of the California Class and Subclasses they seek to represent because all members of the California Class sustained injuries and damages arising out of Defendants' common course

**COLLECTIVE AND CLASS ACTION COMPLAINT**

of conduct in violation of law and the injuries and damages of all members of the California Class were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b)   <u>Adequacy</u>: Plaintiffs Chrispens, Gentile and Henry:

    i)    are adequate representatives of the proposed California Class and/or Subclasses they seek to represent;

    ii)    will fairly protect the interests of the members of the California Class;

    iii)    have no interests antagonistic to the members of the California Class; and

    iv)    will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c)   <u>Predominant Common Questions of Law or Fact</u>: There are common questions of law and/or fact as to the members of the California Class which predominate over questions affecting only individual members of the Plaintiff Classes, including, without limitation:

    i)    Whether Defendants unlawfully failed to timely furnish accurate itemized statements to the members of the California Wage Statement Subclass;

    ii)    Whether Defendants unlawfully failed to keep and furnish the California Class and its members with accurate records of hours worked;

    iii)    Whether Defendants unlawfully deducted wages from Plaintiffs and the members of the California Class in violation of California Labor Codes §§ 221 and 224;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

iv)    Whether Defendants unlawfully failed to pay Plaintiffs and the members of the California Class minimum wages in violation of California Labor Code § 1194;

v)    Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and the California Labor Codes and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, applicable Wage Order, to the extent that California provides greater protection and employee legal rights in addition to the FLSA;

vi)    Whether Defendants failed and continue to fail to have a policy to provide legal meal and rest periods and as such impeded, discouraged and/or dissuaded the members of the California Meal and Rest Period Subclasses from taking their legally requisite meal and rest periods in violation of the California Labor Code and applicable IWC Wage Order;

vii)    Whether Defendants' policy and practice of forfeiting vested vacation wages violates applicable California law and regulation;

viii)    Whether Defendants' policies and practices of failing to pay its employees all wages due within the time required by law after their employment ended violates applicable state law and regulation, and the proper measure of damages sustained and the proper measure of restitution recoverable by members of the California

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Class;

ix)     Whether Defendants are liable pursuant to Labor Code § 203 for terminated or separated employees in the California Waiting Time Subclass;

x)      Whether Defendants' conduct constitutes unfair competition, an unfair business practice and/or a deceptive business practice within the meaning of Business & Professions Code §§17200, *et seq.*, as to the California UCL Subclass;

xi)     Whether the members of the California Class are entitled to compensatory damages, and if so, the means of measuring such damages;

xii)    Whether the members of the California Class are entitled to injunctive relief;

xiii)   Whether the members of the California are entitled to restitution; and

xiv)    Whether Defendants are liable for attorneys' fees and costs to the extent permitted by the FLSA, and/or state and local laws in California.

d)      Manageability of Class and Common Proof: The nature of this action and the nature of laws available to Plaintiffs make use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs or putative class members for the wrongs alleged herein.  Specifically, the primary class turns upon Defendants' own uniform, systematic practices of paying its employees' wages that violate minimum wage standards, while also making unlawful deductions from

**COLLECTIVE AND CLASS ACTION COMPLAINT**

their employee's wages, in violation of the FLSA and/or more protective state law and regulations applicable during the Relevant Time Periods.   Therefore, the minimum wage violations and the unlawful wage deductions are predominant questions of fact that are easily capable of being discovered through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendants in treating each of the class members as a homogeneous group in the payment of their wages.   Once the predominant issues of minimum wage compliance, overtime compensation, and unlawful wage deductions are determined, then each of the derivative subclass claims and damages, if any, suffered by each member is capable of being shown by several means of common proof and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of the case.

41.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the California Class and Subclasses.   Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

42.   Class certification of the First, Third, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Claims for Relief is appropriate pursuant to FRCP Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory relief with respect to and the California Class and Subclasses as a whole.

COLLECTIVE AND CLASS ACTION COMPLAINT

43.     Class certification of the First, Third, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Claims for Relief is also appropriate under FRCP Rule 23(b)(3) because questions of law and fact common to the California Class and Subclasses predominate over any questions affecting only individual members of the California Class and Subclasses of this litigation.   Defendants' policies and practices unlawfully treated members of the California Class and Subclasses in a uniform fashion.   The damages suffered by individual members of the California Class and Subclasses are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44.     Plaintiffs intend to send notice to all members of the California Class and Subclasses to the extent required by Rule 23 and each will be given an opportunity to opt out of the proceedings.

## IX.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements in Violation of California law)**

**(Labor Code §§ 226, 1174, 1174.5; Applicable IWC Wage Order and California Code of Regulations)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the "California Wage Statement Subclass" Against Defendants)**

45.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

46.     Defendants knowingly and intentionally failed to provide accurate, itemized wage statements including, *inter alia*, total hours worked and applicable hourly rates for each hour worked, to Plaintiffs and the members of the Plaintiff

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Classes in accordance with Labor Code § 226(a) and applicable IWC Wage Order.

47.    Labor Code § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ..., (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ... The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.   For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

48.    Labor Code § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

COLLECTIVE AND CLASS ACTION COMPLAINT

49.     Labor Code § 226 (e)(2)(A) states that "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

50.     Labor Code § 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).  (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period."

51.     Labor Code § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

52.     Labor Code § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

53.     From the outset Defendants have failed to comply with Labor Code § 226.  As a matter of common policy and practice, Defendants did not include the Trainers' "applicable hourly rates … and the corresponding number of hours worked at each hourly rate by the employee."   The deductions made from the Trainers' wages also do not "show[] the month, day, and year" the deductions applied to, nor was "a copy of the statement" relating to the deductions provided to Trainers.  Such failure caused Plaintiffs and members of the California Class to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which

**COLLECTIVE AND CLASS ACTION COMPLAINT**

they are and were entitled and precluding them from knowing or determining what deductions were made from the Trainers' gross wages.

54.     At all times relevant herein, Defendants failed to maintain records of hours worked by Plaintiffs and the members of the California Class as required under Labor Code § 1174(d).

55.     Plaintiffs and members of the California Class are entitled to seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

**SECOND CAUSE OF ACTION**

**(Illegal Wage Deductions in Violation of the FLSA)**

**(29 U.S.C. § 206; 29 C.F.R. § 531.35)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the "FLSA Class" Against Defendants)**

56.     Plaintiffs reallege and incorporate by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

57.     The FLSA is the nation's basic law governing wages and hours of work, sets the minimum wage and contains standards as to when employers must pay overtime.   Code of Federal Regulations § 531.35 provides that employers must pay all statutorily-required minimum wage and overtime premium finally and unconditionally, or "free and clear."

58.     As a matter of common practice, Defendants uniformly, systematically, and automatically deducted minimum wage draws and business losses and shortages from the Trainers' wages without their written permission or agreement.   These illegal deductions resulted in Trainers receiving less than the

COLLECTIVE AND CLASS ACTION COMPLAINT

minimum wage and not being compensated for overtime hours worked at the correct rate of pay. These deductions also deterred and dissuaded Trainers from reporting all hours worked and therefore resulted in Trainers working "off the clock" for fear that if they meet the minimum wage draw, their department heads or coordinators would become "personally liable" for the Trainers' failure to make commissions to cover the draw. These deductions created a corporate atmosphere and culture of fear among Trainers due to retaliation from department heads if their commissions fell less than their minimum wage draw, and caused many Trainers to quit.

59. Defendants are large corporations and should have known the requirements of federal and California law or, at least through reasonable research or investigation or communication with their corporate counsel or legal department, that their pay practices violated the FLSA and California wage and hour laws. Defendants clearly have the resources to determine whether they are in compliance with the FLSA and California wage and hour laws, but continued the payment scheme because of profitability. That is, Defendants made a rational decision, based on a cost/benefit analysis, that it was more profitable to continue with the payment scheme, instead of changing the scheme to comply with the law.

60. Therefore Defendants' willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief they were in compliance with the FLSA; entitling Plaintiffs and the members of the FLSA Class to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees.

///

///

///

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**(Illegal Wage Deductions in Violation of California law)**

**(Cal. Lab. Code §§ 221, 224)**

**(Brought by Plaintiffs on Behalf of Himself and Members of the "California Unlawful Deduction Subclass" Against Defendants)**

61.    Plaintiffs reallege and incorporate by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

62.    Labor Code § 221 provides that "it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

63.    Labor Code § 224 allows for an employer to make deductions from an employee's wages when, "the deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare of pension plan contributions is expressly authorized by a collective bargaining or wage agreement."

64.    During the California Class Period, Defendants engaged in a pattern, policy and practice of deducting minimum wage draws and business losses and shortages from the wages of Trainers and continue to discourage and dissuade them from reporting all hours worked at the expense of holding their department head or coordinators "personally liable" for any pay period during which Defendants have to pay the Trainers a draw.  These deductions resulted in the illegal forfeiture of wages.

65.    California law requires all employees to be paid at the agreed hourly rate for all hours actually caused or suffered to work, and an overtime rate, as proscribed by law for hours exceeding eight hours in a work day and/or

**COLLECTIVE AND CLASS ACTION COMPLAINT**

hours exceeding 40 hours in a work week.

66.    By engaging in this automatic deduction policy and practice, Defendants were able to skim wages from employees for those pay periods during which Defendants improperly deducted against their wages earned. This resulted, on many occasions, in reduced hourly pay, nonpayment of the minimum wage, and unpaid overtime because the wages were so diluted that Trainers were making less than the minimum wage and not being paid overtime at the correct rate of pay. By use of this system, thousands of dollars of wages, both at regular rates of pay and at the employee's requisite overtime rate of pay were illegally deducted and caused to be forfeited by Defendants' actions.

67.    Plaintiffs are informed and believe that the practice violates California Labor Code §§ 221-224 by operating as an improper wage deduction and by failing in the employer's non-delegable duty to accurately record all hours worked.

68.    Plaintiffs are informed and believes and based thereupon alleges that the result of the policy and practice caused damage in the underpayment of regular and overtime wages to themselves and the proposed class and subclasses in an amount according to proof.

69.    Plaintiffs are informed and believe that the underpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

70.    Plaintiffs are informed and believe that the underpayment of wages and illegal deductions by their employer also entitles Plaintiffs and the proposed Plaintiff Classes to attorneys' fees as permitted by Labor Code §§ 218.5, 1194, and other provisions of the California Labor Code.

71.    In addition, if Plaintiffs succeed in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiffs and against

COLLECTIVE AND CLASS ACTION COMPLAINT

1  Defendants under Code of Civil Procedure § 1021.5 and other applicable law in
2  part because:

3                a)     A successful outcome in this action will result in the
4  enforcement of important rights affecting the public interest
5  by requiring Defendants to comply with the wage and hour
6  laws and California's unfair business practice law;

7                b)     This action will result in a significant benefit to Plaintiffs,
8  the Plaintiff Classes, and the general public by bringing to a
9  halt unlawful, unfair, deceptive, and misleading activity and
10  by causing the return of ill-gotten gains obtained by
11  Defendants;

12             c)     Unless this action is prosecuted, members of the Plaintiff
13  Classes and general public will not recover those monies,
14  and many of Defendants' employees would not be aware
15  that they were victimized by Defendants' wrongful acts and
16  practices;

17             d)     Unless this action is prosecuted, Defendants will continue to
18  mislead its employees about the true nature of their rights
19  and remedies under the wage and hour laws; and

20             e)     An award of attorneys' fees and costs is necessary for the
21  prosecution of this action and will result in a benefit to
22  Plaintiffs, the Plaintiff Classes, and to consumers in general
23  by preventing Defendants from continuing to circumvent the
24  wage and hour statutes and frustrate the long-standing
25  recognition by the California legislature and the courts that
26  such statutes, as pled herein, are not merely a matter of
27  private concern between employer and employee to be

**COLLECTIVE AND CLASS ACTION COMPLAINT**

eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## FOURTH CAUSE OF ACTION

### (Violation of the Federal Minimum Wage Requirements)

### (Fair Labor Standards Act, 29 U.S.C. § 206)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the "FLSA Class" Against Defendants)

72.   Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

73.   At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants employed "employee[s]," including Plaintiffs and each of the members of the FLSA Class. At all relevant times, Defendants had gross operating revenues in excess of $500,000.

74.   Attached hereto as Exhibits A, B and C are the Consent to Join Forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.   It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

75.   The FLSA requires each covered employer such as Defendants, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the Relevant Time Period

COLLECTIVE AND CLASS ACTION COMPLAINT

76.     At all relevant times, Defendants, pursuant to their uniform, systematic and non-individualized policies and practices as set forth above, failed and refused to pay the minimum wage to the members of the FLSA Class for their hours worked.

77.     By failing to pay Plaintiffs, and the members of the FLSA Class, at a rate not less than the minimum wage, Defendants violated the FLSA, 29 U.S.C. § 206.

78.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the § 29 U.S.C. 255(a).

79.     Plaintiffs, on behalf of themselves and the members of the FLSA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

80.     Plaintiffs, on behalf of themselves and the members of the FLSA Class, seek damages in the amount of their respective unpaid minimum wage compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (Violation of California's Minimum Wage Requirements)

### (Cal. Lab. Code § 1194)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the
### "California Minimum Wage Subclass" Against Defendants)

81.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

82.     In addition to the FLSA, Plaintiffs seek to represent proposed the Rule 23 California Class and the California Minimum Wage Subclass as a basis to enforce equal or greater protections for wages owed that are offered by

COLLECTIVE AND CLASS ACTION COMPLAINT

various State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Class in a legally identical way, named Plaintiffs, at the appropriate time will move to certify the Rule 23 California Class and/or California Minimum Wage Subclass to the extent permitted by FRCP Rule 23.

83.    Under Labor Code § 1194, commissioned employees must be separately paid the minimum wage for time spent on "non-commission-producing" activities or "non-sell time" work. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012). Commissions can only compensate for "commission producing activities." *Id.* at p. 1006. Commissions cannot be used to compensate for time during which employees cannot earn a commission—that time must be compensated with a separate hourly rate. *Id.* at pp. 1006-1007. A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). And more recently, the California Supreme Court held that commissions earned in

**COLLECTIVE AND CLASS ACTION COMPLAINT**

one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable, Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

84.    Plaintiff and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid the state minimum wage for hours worked.

85.    California law requires employers, such as Defendants, to pay minimum wage compensation to all nonexempt employees for each and every hour worked.  Labor Code §1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

86.    Labor Codes §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

87.    At all relevant times herein, Defendants were required to compensate Plaintiffs and the members of the California Class for all hours worked pursuant to Labor Code § 1194.

88.    By engaging in this time automatic deduction policy and practice, Defendants were able to skim wages from employees for those pay periods during which minimum wage draws and business losses were deducted from the wages of the Trainers.  This resulted, on many occasions, in reduced hourly pay and hence violation of the minimum wage requirements.  By use of this system, hundreds if not thousands, of dollars of wages, were illegally deducted from the wages of Plaintiffs and the California Minimum Wage Subclass.

89.    By the course of conduct set forth above, Defendants violated the minimum wage requirements as set forth in Labor Code § 1194.

COLLECTIVE AND CLASS ACTION COMPLAINT

90.     Plaintiffs is informed and believe and based thereupon allege that the result of the policy and practice caused damage in the nonpayment of minimum wages to himself and the and the proposed California Minimum Wage Subclass in an amount according to proof at trial.

91.     Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

92.     Plaintiffs are informed and believe that the nonpayment of minimum wages for all hours worked also entitles Plaintiff and the proposed California Minimum Wage Subclass to attorneys' fees and costs, liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

**SIXTH CAUSE OF ACTION**

**(Violation of the Federal Overtime Requirements)**

**(Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the "FLSA Class" Against all Defendants)**

93.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

94.     The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

95.     At all relevant times, Defendants, pursuant to their uniform, systematic and non-individualized policies and practices, failed and refused to pay overtime premiums to the FLSA Class for their hours worked in excess of 40 hours per week.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

96.    By failing to compensate Plaintiffs, and the members of the FLSA Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

97.    By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the members of the FLSA Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

98.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiffs, on behalf of themselves and the members of the FLSA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

100.    Plaintiffs, on behalf of themselves and members of the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
### (Violation of California's Overtime Laws)
### (Labor Code §§ 510 and 1194)
### (Brought by Plaintiffs on Behalf of Themselves and Members of the "California Overtime Subclass" Against Defendants)

101.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

102.    In addition to the FLSA, Plaintiffs seek to represent the proposed California Overtime Subclass as a basis to enforce equal or greater protections for

**COLLECTIVE AND CLASS ACTION COMPLAINT**

wages owed that are offered by State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Class in a legally identical way, Plaintiffs, at the appropriate time will move to certify the California Overtime Subclass to the extent permitted by FRCP Rule 23.

103. Plaintiffs and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable California Code of Regulations. Neither the "Outside Salesperson" or "Inside Salesperson" exemptions to overtime apply to the Trainers.

104. There are two types of commission exemptions: the "outside salesperson" exemption and the "inside salesperson" exemption. An "outside salesperson" is someone who customarily and regularly works *more than half of his or her working time* away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products or services. *See* 8 Cal.C.Regs. § 11010 *et seq.* (see "Applicability" and "Definitions" paragraphs); *see also Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785, 796 (1999); and Lab. Code § 1171. And the "inside salesperson" exemption requires the satisfaction of two elements — (1) earnings exceeding 1½ times the minimum wage and (2) commissions representing more than 50% of compensation. *See* 8 Cal.C.Regs. §§ 11040, subd. 3(D).

105. During the Relevant Time Period, the Trainers did not customarily and regularly work *more than half of their working time* away from the fitness centers selling services or products to customers. The Trainers worked inside the fitness centers primarily engaged in training individuals or clients and keeping the fitness

COLLECTIVE AND CLASS ACTION COMPLAINT

centers clean.  In addition, because Defendants illegally deducted draws and other business losses from the wages of the Trainers, their regular rate of pay fell below 1½ times the minimum wage and their commissions earned did not constitute more than 50% of their compensation.  Accordingly, the Trainers are entitled to overtime during the Relevant Time Periods.

106.  California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day.  Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

107.  Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

108.  Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

109.  As set forth above, Plaintiffs and the members of the California Class were entitled to be paid overtime compensation for all overtime hours worked. Plaintiffs, and each of them, were regularly required to work overtime during the proposed California Class Period, but were denied payment of overtime or premium wages.

110.  Throughout the California Class Period, Plaintiffs and the members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek.  Plaintiffs and members of the California Class also worked in excess of

**COLLECTIVE AND CLASS ACTION COMPLAINT**

12 hours in a workday and seven consecutive days in a workweek.

111.   During the California Class Period, Defendants did not pay Plaintiffs and members of the California Class overtime pay for overtime hours worked.

112.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and members of the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## EIGHTH CAUSE OF ACTION

**(Violation of California's Meal and Rest Break Requirements)**

**(Labor Code §§ 226.7, 512; and Applicable IWC Wage Order)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the California "Meal Period Subclass" and the "Rest Period Subclass" Against Defendants)**

113.   Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

114.   Labor Code §226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

115.   Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

116.   Labor Code §512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the

COLLECTIVE AND CLASS ACTION COMPLAINT

total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

117.   Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

118.   Section 11(A) of the IWC Wage Order(s) provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

119.   Section 11(B) of the IWC Wage Order(s) provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

120.   The members of the California Meal Period Subclass consistently worked over five hours per shift and therefore were entitled to a meal period of not less than 30 minutes prior to exceeding five hours of employment.

121.   The members of the California Meal Period Subclass did not waive their meal periods, by mutual consent with Defendants or otherwise.

122.   The members of the California Meal Period Subclass did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

123.   Similarly, Plaintiffs and members of the proposed California Rest Period Subclass were entitled to be authorized and permitted paid, duty-free,

uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

124.   Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order.

125.   Defendants had no policy or procedure to provide the members of the California Meal Period Subclass with a legal meal period and as such impeded, discouraged and/or dissuaded the members of the California Meal Period Subclass from taking legal meal periods.   Defendants further had no policy or procedure to provide, authorize or permit compliant rest periods, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

126.   Further, Defendants knew or should have known that the members of the California Meal Period Subclass and/or the Rest Period Subclass were working during their meal periods and/or rest periods but Defendants did not take steps to address the situation.

127.   Therefore, the members of the California Meal Period Subclass and the Rest Period Subclass were effectively deprived of their legally requisite meal and rest periods.

128.   Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the California Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one

**COLLECTIVE AND CLASS ACTION COMPLAINT**

uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

124.   Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order.

125.   Defendants had no policy or procedure to provide the members of the California Meal Period Subclass with a legal meal period and as such impeded, discouraged and/or dissuaded the members of the California Meal Period Subclass from taking legal meal periods.  Defendants further had no policy or procedure to provide, authorize or permit compliant rest periods, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

126.   Further, Defendants knew or should have known that the members of the California Meal Period Subclass and/or the Rest Period Subclass were working during their meal periods and/or rest periods but Defendants did not take steps to address the situation.

127.   Therefore, the members of the California Meal Period Subclass and the Rest Period Subclass were effectively deprived of their legally requisite meal and rest periods.

128.   Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the California Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one

COLLECTIVE AND CLASS ACTION COMPLAINT

additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

129.   Pursuant to Labor Code § 218.6 and Civil Code § 3287, the members of the California Meal Period Subclass and the Rest Period Subclass seek recovery of prejudgment interest on all amounts recovered herein.

130.   Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay for each employee at their respective regular rate of pay for any hour of pay for each employee at their respective regular rate of pay for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## NINTH CAUSE OF ACTION

**(Violation of California's Prohibition Against the Forfeiture of Vested Vacation Wages)**

**(Labor Code § 227.3)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the "California Vacation Wages Subclass" Against Defendants)**

131.   Plaintiffs reallege and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

132.   Labor Code § 227.3 states, in pertinent part, that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment of employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1    not provide for forfeiture of vested vacation time upon termination."

2        133.   During the proposed California Class Period, Defendants engaged

3    in patterns, policies and practices of forfeiting earned and vested vacation

4    earnings from the wages of the members of the Vacation Wages Subclass at the

5    end of each calendar year.

6        134.   By   engaging   in   this   illegal   forfeiture   policy   and   practice,

7    Defendants were able to skim wages from employees for each calendar year in

8    which they earned vacation days but did not use at the end of the calendar year.

9    In addition, Defendants did not implement a policy, practice, or procedure to

10   allow  for  employees  to  recapture  the  lost  vacation  earnings  when  it  was

11   improperly deducted from their total vacation days earned, but not used, during

12   the California Class Period.  By use of this illegal system, thousands of dollars

13   were forfeited by Defendants' actions.

14       135.   Plaintiffs are informed and believe that this illegal vacation policy

15   and practice violate Labor Code § 227.3 by operating as a forfeiture of vested

16   vacation wages.

17       136.   Plaintiffs are informed and believe and based thereupon allege that

18   the result of this policy and practice caused damage in the underpayment of

19   regular wages to members of the Vacation Wages Subclass in an amount

20   according to proof.

21       137.   Plaintiffs are informed and believe that the underpayment of wages

22   is fixed and ascertainable on a classwide basis such that prejudgment interest on

23   this wages is recoverable.

24       138.   Plaintiffs are informed and believe that the underpayment of wages

25   and illegal forfeiture by Defendants also entitle Plaintiffs and members of the

26   Vacation Wages Subclass to attorneys' fees as permitted by Labor Code § 218.5

27   and other provisions of the Labor Code.

28

**COLLECTIVE AND CLASS ACTION COMPLAINT**

139.   In addition, if Plaintiffs succeed in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiffs and the members of the Vacation Wages Subclass and against Defendants under CCP § 1021.5 and other applicable law in part because:

a)   A successful outcome in this action will result in enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage-and-hour laws and California's unfair business practice law;

b)   This action will result in a significant benefit to Plaintiffs, the members of the Vacation Wage subclass, and the general public by bring to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

c)   Unless this action is prosecuted, members of the Vacation Wage Subclass and general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

d)   Unless this action is prosecuted, Defendants will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

e)   An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Vacation Wages Subclass, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour statues and frustrate the substantive guarantees to individual workers.

COLLECTIVE AND CLASS ACTION COMPLAINT

## TENTH CAUSE OF ACTION

### (Violation of California's Timely Payment Requirements)

### (Labor Code §§ 201, 202, and 203)

### (Brought by Plaintiff Gentile and Henry on Behalf of Themselves and Members

### of the "California Waiting Time Subclass" Against Defendants)

140.   Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

141.   California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

142.   All members of the California Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

143.   More than 30 days have passed since certain members of the California Class left Defendants' employ.

144.   As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the California Class whose employment ended during the California Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

///

///

///

///

///

COLLECTIVE AND CLASS ACTION COMPLAINT

## ELEVENTH CAUSE OF ACTION

### (Violation of California's Unfair Competition Law)

### (Bus. & Prof. Code § 17200, *et seq.*)

### (Brought by Plaintiffs on Behalf of Themselves and the Members of the "California UCL Subclass" Against Defendants)

145. Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

146. Defendants' failure to pay the minimum wage, all overtime wages for all work performed, failure to pay premium pay premium wages for noncompliant meal and rest periods, and forfeiture of vested vacation wages, constitute unlawful activity, acts and practices that are prohibited by Business & Professions Code §§ 17200, *et seq.* The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq.* Defendants have violated not only the FLSA in regards to minimum wage and overtime, but also multiple provisions of California law and applicable regulations and Orders of the IWC, that have the same force and effect of a violation of law. This includes, without limitation, 29 U.S.C §§ 201, *et seq.*, and California Labor Code §§ 210-203, 226.7, 227.3, 558, 1194, and 1198, which serve as statutory predicates for which restitution and disgorgement are owed by Defendants.

147. Plaintiffs and members of the California UCL Subclass are entitled to an injunction, restitution, and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

148. As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the members of the California Class, and the proposed FLSA Class, Plaintiffs seek to

**COLLECTIVE AND CLASS ACTION COMPLAINT**

represent.  Defendants should be enjoined from this activity and make restitution for these ill-gotten gains to restore to Plaintiffs and the members of the Plaintiff Classes the wrongfully under-reimbursed amounts, underpaid wages and overtime pursuant to Business and Professions Code § 17203 and specific performance of payment of penalties ordered under Business and Professions Code § 17202.

149.  Plaintiffs are informed and believe, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that he and the proposed California Class have and continue to suffer irreparable prejudice by Defendants' unfair practices.  Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law abiding employers in the State of California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

150.  The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay all minimum wages, overtime wages, fail to pay premium wages for meal and rest violations, continue to forfeit vested vacation wages, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

151.  Plaintiffs will request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to fully pay all appropriate hourly and overtime rates of pay, and all wages due at termination, and requiring Defendants to provide accurate hourly wage statements.

## X.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.   For an order certifying that the Second, Fourth and Sixth Counts of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

2.   For an order certifying that the First, Third, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Counts of this Complaint be maintained as a class action pursuant to FRCP Rule 23 on behalf of the members of the California Class and/or California Subclasses who were either employed or who performed work here in the State of California within the last four years of the filing of this Complaint and that notice of the pendency of this action be provided to members of the California Class;

3.   Designation of Plaintiff as the Class Representative for both the FLSA Class and California Class and/or California Subclasses and Plaintiff's attorneys as Class Counsel for both the FLSA Class and California Class and/or California Subclasses;

4.   A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

5.   Appropriate equitable relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

6.   Restoration of all wages improperly deducted for Plaintiff and the proposed "Unlawful Deduction Subclass."

7.   For an award of unpaid minimum wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and California Labor Code §§ 1194 and 1194.2;

8.  For an award of unpaid Federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. §206;

9.  For an award of unpaid California minimum wages for each hour worked as required by California Labor Code § 1194;

10. All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

11. All appropriate state and federal statutory penalties;

12. An award of compensatory damages to the extent available, liquidated damages pursuant to the FLSA, and restitution to be paid by Defendants according to proof;

13. Unpaid overtime premium compensation as provided by California law for overtime hours worked;

14. Compensation at the rate of one hour of regular pay for each instance in which a member of the California Class worked through a rest break or was not provided a proper rest break for every four hours worked;

15. Compensation at the rate of one hour of regular pay for each instance in which a member of the California Class worked through a meal period or was not given a proper meal period;

16. For an award of vested vacations wages that were forfeited by Defendants in violation of Labor Code 227.3;

17. Labor Code § 203 penalties;

18. Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

19. For an order that Defendants make restitution to Plaintiff and the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to California Business and Professions Code §§ 17203 and 17204;

20.   Pre-Judgment and Post-Judgment interest, as provided by law;

21.   Such other equitable relief as the Court may deem just and proper; and

22.   Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 1194, California Code of Civil Procedure § 1021.5, and other applicable state laws and as permitted by the FLSA.

Dated:  August 8, 2014                          Respectfully submitted,

                                                **BISNAR|CHASE LLP / BRANIGAN ROBERTSON, INC.**

                                                By: /s/ Jerusalem F. Beligan
                                                Brian D. Chase, Esq.
                                                Jerusalem F. Beligan, Esq.
                                                Branigan Robertson, Esq.
                                                *Attorneys for Plaintiff and Putative Classes*

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional a right to jury trial.

Dated: August 8, 2014

Respectfully submitted,

**BISNAR|CHASE LLP / BRANIGAN ROBERTSON, INC.**

By: /s/ Jerusalem F. Beligan

Brian D. Chase, Esq.
Jerusalem F. Beligan, Esq.
Branigan Robertson, Esq.
*Attorneys for Plaintiff and Putative Classes*

**COLLECTIVE AND CLASS ACTION COMPLAINT**

# EXHIBIT A

1   Brian D. Chase, Esq. (SBN 164109)
2   bchase@bisnarchase.com
    Jerusalem F. Beligan, Esq. (SBN 211258)
3   jbeligan@bisnarchase.com
4   BISNAR|CHASE LLP
    1301 Dove Street, Suite 120
5   Newport Beach, California 92660
    Telephone: 949.752.2999
6   Facsimile: 949.752.2777
7
    Branigan A. Robertson, Esq. (SBN 284528)
8   branigan@brobertsonlaw.com
9   BRANIGAN ROBERTSON, INC.
    8001 Irvine Center Drive, Suite 1170
10  Irvine, CA 92618
11  Telephone: 949. 667.3025
    Facsimile: 949.242.9853
12
13  Attorneys for Plaintiff and Putative Class

14              UNITED STATES DISTRICT COURT
15              CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17   JOHN CHRISPENS, individually, and on behalf of all others similarly 18   situated, | Case No. |
| 19                   Plaintiff, | COLLECTIVE AND CLASS ACTION |
| 20            vs. 21 | CONSENT TO JOIN FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| 22   LIFE TIME FITNESS, INC., a Minnesota corporation; and DOES 1 23   through 10, inclusive, | |
| 24                   Defendants. | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CONSENT TO JOIN ACTION

TO THE COURT, AND TO EACH PARTY AND COUNSEL OF RECORD HEREIN, PLEASE TAKE NOTICE:

By my signature below, I hereby give my consent to be a plaintiff in the above-captioned action. I want to join the lawsuit entitled: *JOHN CHRISPENS, individually, and on behalf of all others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive,* in order to seek unpaid wages against LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to my employment with the aforementioned company.

I, therefore, authorize the filing and prosecution of the action in my name. By consenting to this action, I agree to be bound by all decisions which the Court shall make in connection with this matter. I choose to be represented in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., and other attorneys with whom they may associate in this action.

At the time of signing this document, I was over eighteen (18) years of age and was a resident of the State of California at the time of execution.

SIGNATURE:     *Je Cpn*
                 (Sign Your Name)

PRINTED NAME:    John Chrispens IV
                 (Print Your Name)

DATE SIGNED:    07/03/2014
                 (MM/DD/YYYY)

CONSENT TO JOIN ACTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

BISNAR|CHASE LLP
Brian D. Chase, Esq.
*bchase@bisnarchase.com*
Jerusalem F. Beligan, Esq.
*jbeligan@bisnarchase.com*
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: 949.752.2999
Facsimile: 949.752.2777

CONSENT TO JOIN ACTION

# EXHIBIT B

1   Brian D. Chase, Esq. (SBN 164109)
2   *bchase@bisnarchase.com*
    Jerusalem F. Beligan, Esq. (SBN 211258)
3   *jbeligan@bisnarchase.com*
4   BISNAR|CHASE LLP
    1301 Dove Street, Suite 120
5   Newport Beach, California 92660
    Telephone: 949.752.2999
6   Facsimile: 949.752.2777
7
    Branigan A. Robertson, Esq. (SBN 284528)
8   *branigan@brobertsonlaw.com*
9   BRANIGAN ROBERTSON, INC.
    8001 Irvine Center Drive, Suite 1170
10  Irvine, CA 92618
    Telephone: 949. 667.3025
11  Facsimile: 949.242.9853
12
13  Attorneys for Plaintiff and Putative Class

14              **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17 JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; <br> 18 individually, and on behalf of all others similarly situated, | Case No. <br><br> **COLLECTIVE AND CLASS ACTION** |
| 19              Plaintiffs, | |
| 20       vs. | **CONSENT TO JOIN FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| 21 <br> 22 LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, <br> 23 a Delaware Limited Liability Company; and DOES 1 through 10, <br> 24 inclusive, | |
| 25 Defendants. | |

26
27
28

**CONSENT TO JOIN ACTION**

TO THE COURT, AND TO EACH PARTY AND COUNSEL OF RECORD HEREIN, PLEASE TAKE NOTICE:

By my signature below, I hereby give my consent to be a plaintiff in the above-captioned action.  I want to join the lawsuit entitled: *JOHN CHRISPENS, GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive*, in order to seek unpaid wages against LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to my employment with the aforementioned company.

I, therefore, authorize the filing and prosecution of the action in my name.  By consenting to this action, I agree to be bound by all decisions which the Court shall make in connection with this matter.  I choose to be represented in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., and other attorneys with whom they may associate in this action.

At the time of signing this document, I was over eighteen (18) years of age and was a resident of the State of California at the time of execution.

SIGNATURE:  _____
(Sign Your Name)

PRINTED NAME:  *Greg Gentile*
(Print Your Name)

DATE SIGNED:  *08/08/2014*
(MM/DD/YYYY)

**CONSENT TO JOIN ACTION**

1    To opt in to this collective action, fill out this form and mail, fax, or e-
2    mail it to:

3

4                        BISNAR|CHASE LLP
                          Brian D. Chase, Esq.
5                        *bchase@bisnarchase.com*
                        Jerusalem F. Beligan, Esq.
6                        *jbeligan@bisnarchase.com*
7                        1301 Dove Street, Suite 120
                     Newport Beach, California 92660
8                       Telephone: 949.752.2999
9                       Facsimile: 949.752.2777

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT TO JOIN ACTION**

# EXHIBIT C

1  Brian D. Chase, Esq. (SBN 164109)
2  *bchase@bisnarchase.com*
   Jerusalem F. Beligan, Esq. (SBN 211258)
3  *jbeligan@bisnarchase.com*
   BISNAR|CHASE LLP
4  1301 Dove Street, Suite 120
5  Newport Beach, California 92660
   Telephone: 949.752.2999
6  Facsimile: 949.752.2777

7
   Branigan A. Robertson, Esq. (SBN 284528)
8  *branigan@brobertsonlaw.com*
9  BRANIGAN ROBERTSON, INC.
   8001 Irvine Center Drive, Suite 1170
10 Irvine, CA 92618
11 Telephone: 949. 667.3025
   Facsimile: 949.242.9853
12
13 Attorneys for Plaintiff and Putative Class

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

17 JOHN CHRISPENS; GREGORY         Case No.
   GENTILE; MAI HENRY;
18 individually, and on behalf of all    **COLLECTIVE AND CLASS**
   others similarly situated,            **ACTION**
19
                 Plaintiffs,            **CONSENT TO JOIN FLSA**
20                                      **COLLECTIVE ACTION**
           vs.                         **PURSUANT TO 29 U.S.C. § 216(b)**
21
   LIFE TIME FITNESS, INC., a
22 Minnesota corporation; LTF CLUB
   MANAGEMENT COMPANY, LLC,
23 a Delaware Limited Liability
   Company; and DOES 1 through 10,
24 inclusive,

25 Defendants.

26

27

28

**CONSENT TO JOIN ACTION**

TO THE COURT, AND TO EACH PARTY AND COUNSEL OF
RECORD HEREIN, PLEASE TAKE NOTICE:

By my signature below, I hereby give my consent to be a plaintiff in the
above-captioned action. I want to join the lawsuit entitled: *JOHN CHRISPENS,*
*GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others*
*similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation;*
*and DOES 1 through 10, inclusive*, in order to seek unpaid wages against
LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 216(b), related to my employment with the
aforementioned company.

I, therefore, authorize the filing and prosecution of the action in my
name. By consenting to this action, I agree to be bound by all decisions which
the Court shall make in connection with this matter. I choose to be represented
in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN
ROBERTSON, INC., and other attorneys with whom they may associate in this
action.

At the time of signing this document, I was over eighteen (18) years of
age and was a resident of the State of California at the time of execution.

SIGNATURE: _Mai Henry_
(Sign Your Name)

PRINTED NAME: MAI HENRY
(Print Your Name)

DATE SIGNED: 08/08/14
(MM/DD/YYYY)

**CONSENT TO JOIN ACTION**

1     To opt in to this collective action, fill out this form and mail, fax, or e-

2  mail it to:

3

4                       BISNAR|CHASE LLP
                        Brian D. Chase, Esq.
5                    *bchase@bisnarchase.com*
                     Jerusalem F. Beligan, Esq.
6                    *jbeligan@bisnarchase.com*
                     1301 Dove Street, Suite 120
7                  Newport Beach, California 92660
                     Telephone: 949.752.2999
8                     Facsimile: 949.752.2777

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO JOIN ACTION